UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────

ANN MARIE S.W.,

                                                  Plaintiff,                Case # 17-CV-1177-FPG

v.                                                                           DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                                  Defendant.
───────────────────────────────────

## INTRODUCTION

Plaintiff Ann Marie S.W. brought this appeal of the Social Security Administration's ("SSA") decision to deny her disability benefits. ECF No. 1. On April 17, 2019, Magistrate Judge Hugh B. Scott granted Plaintiff's motion for judgment on the pleadings and remanded the case for further proceedings. ECF No. 21. Magistrate Judge Scott later entered an Order endorsing a Stipulation filed by the parties, awarding Plaintiff's attorney, $6,802.99 in fees and $400 in costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 24.

Thereafter, the SSA issued Notices of Award granting Plaintiff and his dependents benefits. *See* ECF Nos. 25-6, 1. Plaintiff now moves for $34,614.38 in attorney's fees under 42 U.S.C. § 406(b). ECF No. 25. The matter has been reassigned to the undersigned.

For the reasons that follow, Plaintiff's motion is GRANTED, counsel is awarded $34,614.38 in fees, and counsel shall remit the $6,802.99 in EAJA fees to Plaintiff.

## DISCUSSION

The Social Security Act provides that

> [w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

1

42 U.S.C. § 406(b)(1)(A).

Within the 25% boundary, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Abbey v. Berryhill*, No. 6:17-CV-06430-MAT, 2019 WL 336572, at *2 (W.D.N.Y. Jan. 28, 2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)).  The statute also requires "court review of [contingent fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.*

After a court confirms that the fee is within the 25% statutory boundary, it analyzes three factors to determine if the resulting fee is reasonable.  Those factors are: (1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved"; (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his fee; and (3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor.  *Id.* (citation omitted).

The Court has reviewed each factor to assure that the requested fee is reasonable.  As an initial matter, counsel's request for $34,614.38 in fees represents less than 25% of the award and does not exceed the statutory cap.  *See* ECF No. 25 at 6.

As to the first factor, the Court finds that the requested fee is in line with the character of the representation and the results it achieved, because counsel filed a motion for judgment on the pleadings with non-boilerplate arguments and obtained a remand, which ultimately led to a favorable decision awarding Plaintiff benefits.  *See* ECF Nos. 10, 17.  As to the second factor, counsel for Plaintiff requested one two-day extension, ECF No. 7, which in no way evinces an effort by counsel to unreasonably delay the proceedings in an attempt to inflate past due benefits and the potential fee award. *Miller v. Comm'r of Soc. Sec.*, No. 16-CV-00122, 2023 WL 2261496,

at *3 (N.D. Ind. Feb. 27, 2023) ("Nor did Counsel contribute to any significant delay of this case in doing so, as she requested just one thirty-day extension during the briefing process."); *Oerding v. Comm'r of Soc. Sec.*, No. CV-08-633, 2010 WL 4116604, at *4 (D. Or. Sept. 3, 2010) ("[C]ounsel sought one extension [which] does not suggest that counsel was responsible for any unreasonable delay of these proceedings.").

As to the third factor, *i.e.*, whether the fee award constitutes a windfall to the attorney, courts are directed to consider whether "the benefits are large in comparison to the amount of time counsel spent on the case." *Gisbrecht*, 535 U.S. at 808. While it is helpful for a court to review a record of the amount of time spent on the case and counsel's normal billing rate, *Id.*, this is not an invitation to apply the lodestar method. *Fields v. Kijakazi*, 24 F.4th 845, 854 (2d Cir. 2022) ("[T]he windfall factor does *not* constitute a way of reintroducing the lodestar method."). In *Fields*, the Second Circuit clarified the ruling in *Gisbrecht*, emphasizing that the windfall analysis is primarily concerned with whether the fee was unearned. There are four factors that should be considered when determining whether a fee is earned, including (1) whether counsel has a special "ability and expertise" that permits her to be particularly efficient, (2) whether counsel's relationship with the claimant predates the case in federal court, (3) whether the claimant is satisfied with the results, and (4) the level of uncertainty surrounding the likelihood of obtaining an award of benefits and the effort it took to achieve the award. *Id.* at 854-55. "A windfall is more likely to be present in a case … where the lawyer takes on a contingency-fee representation that succeeds immediately and with minimal effort, suggesting very little risk of nonrecovery. That kind of unearned advantage is what the windfall concern really is about." *Id.* at 856.

Here, the fee requested by counsel has been earned. In the affidavit submitted by Mr. Hiller, Anthony Rooney is a skilled practitioner who has written well over 300 briefs in support of

Plaintiffs seeking judicial review of the denial of their claims by the SSA. ECF No. 25-2 at 1. The expertise permitted him to efficiently review a voluminous record created by the proceedings at the administrative level and also to successfully represent the claimant with meritorious, non-boilerplate arguments at the federal level. While Mr. Rooney's representation did not predate the federal case, that factor is outweighed by the great amount of risk involved in taking the case, the essence of the fourth factor. This is not a case that "succeeded immediately and with minimal effort, suggesting very little risk of nonrecovery." *Id.* Rather, at the moment counsel took the case, there was only a 34.32% likelihood of obtaining an award of benefits. ECF No. 25-1 at 7. Counsel spent time with the record in order to skillfully argue for remand and also followed the case through further proceedings at the Social Security Administration. It is presumable that the claimant is satisfied with the results where the decision on remand is fully favorable and the claimant does not object to the request for fees. *Id.* at 854.

Finally, the court also acknowledges that based on the hours spent in connection with the appeal to this Court (34.4) and the fee requested ($34,614.38), ECF No. 25-5 at 2, the implied hourly rate is well within the range of hourly rates that this Court has found to be reasonable in other cases. *McDonald v. Comm'r of Soc. Sec.*, No. 16-CV-926, 2019 WL 1375084, at *2 (W.D.N.Y. Mar. 27, 2019) (awarding fees with effective hourly rate of $1,051.64); *see also Torres v. Colvin*, No. 11-CV-5309, 2014 WL 909765, at *4 (S.D.N.Y. Mar. 6, 2014) ("[A] substantial body of caselaw has awarded rates that approach, if they do not exceed, $1,000.00."); *Morrison v. Saul*, No. 16-CV-4168, 2019 WL 6915954, at *3 (S.D.N.Y. Dec. 19, 2019) (approving fees based on effective hourly rate of $935.52).

Accordingly, based on all of the above, the Court concludes that the requested fee award is reasonable. Furthermore, counsel must refund the EAJA fees in the amount of $6,802.99 to Plaintiff.

## CONCLUSION

Plaintiff's motion for attorney's fees under § 406(b) (ECF No. 25) is GRANTED and Plaintiff is awarded $34,614.38 in fees. The Court directs the Commissioner to release those funds withheld from Plaintiff's benefits award. After counsel receives the § 406(b) fee, counsel must remit the $6,802.99 EAJA fee to Plaintiff.

IT IS SO ORDERED.

Dated: March 23, 2023
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York